1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

UNITED STATES OF AMERICA,

               Plaintiff,

     v.

JOSEPH BRISTOL,

               Defendant.

Case No.  3:23-cr-00218-JSC-3

**ORDER OF DETENTION AFTER A HEARING ON GOVERNMENT'S MOTION FOR DETENTION**

**INTRODUCTION**

The Court conducted a detention hearing in this matter on Monday, February 05, 2024.  The Defendant appeared before this Court on the Government's motion for detention of the Defendant pursuant to 18 U.S.C. § 3148.  The Defendant was present and was represented by counsel.  Having conducted a detention hearing, the Court makes the following findings:

**DISCUSSION**

In considering the Government's request for detention, the Court is guided by several general principles.  First, at all times the Defendant is entitled to the presumption of innocence. Nothing that took place in the hearing or that is set forth herein is intended, or should be construed, to affect that presumption. Rather, the purpose of the hearing was to determine whether, notwithstanding that presumption of innocence, the Defendant should be detained pending trial. Second, "[i]n our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  *United States v. Salerno*, 481 U.S. 739, 755 (1987).  The Bail Reform Act "carefully limits the circumstances under which detention may be sought to the most

serious of crimes." *Id.* at 747 (citing 18 U.S.C. § 3142(f)).  Under the Bail Reform Act, a

Defendant must be released prior to trial unless a judicial officer finds that no conditions or

combination of conditions exist which will "reasonably assure" the appearance of the defendant

(if the Government seeks detention based on risk of flight), or reasonably assure the safety of any

other person in the community (if the Government seeks detention based on the defendant being a

danger to the community).  The Bail Reform Act requires that the least restrictive conditions be

imposed that are necessary to provide those reasonable assurances.  If the Court cannot find any

conditions that will reasonably assure the appearance of the defendant as required or the safety of

the persons in the community, then the Court is required by the Act to order the Defendant held in

custody.

The Government has moved for detention based on risk of flight or nonappearance, and

thus the Government bears that burden of proof by a preponderance of the evidence that no

condition or combination of conditions can reasonably assure the appearance of the person as

required.  In a case involving a rebuttable presumption, the burden is on the Government to show

that a rebuttable presumption applies.  In rebutting a presumption, the burden of production is on

the Defendant, although that may not be a heavy burden.  A presumption may be rebutted using

information contained in a Pre-Trial Services Report, for example.  Even in cases involving a

rebuttable presumption, the burden of persuasion is always on the Government.

Applying the applicable legal standards and principles, and based upon the information

contained in the Pretrial Services Report, the evidence presented at the hearing, and the arguments

of counsel, the Court finds as follows:

**1.**     The Government ARGUES that this case involves any of the factors set forth at 18 U.S.C.

§ 3142(f)(1) as grounds for holding a detention hearing. Accordingly, the Court finds that this case

DOES involve a factor or factors set forth at 18 U.S.C. § 3142(f)(1), to wit:

☐     None of the below factors are present.

☐     (A) a crime of violence, a violation of section 1591, or an offense listed in section 2332b

(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐   (B) an offense for which the maximum sentence is life imprisonment or death;

☒   (C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

☐   (D) any felony if the Defendant has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses;

☐   (E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code

**2.**   The Government ARGUES that this case involves any of the factors set forth at 18 U.S.C. § 3142(f)(2) as grounds for holding a detention hearing.  Accordingly, the Court finds that this case DOES involve a factor or factors set forth at 18 U.S.C § 3142(f)(2), to wit:

☐   None of the below factors are present.

☒   (A) a serious risk that the Defendant will flee;

☐   (B) a serious risk that the Defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

**3.**   The Government DOES NOT ARGUE that this case involves a rebuttable presumption that no condition or combination of conditions will reasonably assure the  safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(2).  Accordingly, the Court finds that this case DOES NOT involve a rebuttable presumption that no condition or combination of conditions will reasonably assure the   safety of any other person and the community pursuant to 18 U.S.C. § 3142(e)(2), to wit:

United States District Court
Northern District of California

3

☒      None of the below factors are present.

☐      All of the following conditions are present:

☐      (A) the Defendant has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise   to   Federal   jurisdiction had existed;

☐      (B) the offense described in subparagraph (A) was committed while the Defendant was on release pending trial for a Federal, State, or local offense; and

☐      (C) a period of not more than five years has elapsed since the date of conviction, or the release of the Defendant from imprisonment, for the offense described in subparagraph (A), whichever is later.

The Defendant HAS NOT rebutted the presumption for the reasons stated on the record.

**4.**      The Government ARGUES that this case involves a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required pursuant to 18 U.S.C. § 3142(e)(3).  Accordingly, the Court finds that this case DOES involve a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required pursuant to 18 U.S.C. § 3142(e)(3), to wit:

☒      (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

☐      (B) an offense under section 924 (c), 956 (a), or 2332b of this title;

☐      (C) an offense listed in section 2332b (g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed;

☐      (D) an offense under chapter 77 of this title for which a maximum term of imprisonment of 20 years or more is prescribed; or

United States District Court
Northern District of California

1    ☐      (E) an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244 (a)(1),

2    2245, 2251, 2251A, 2252 (a)(1), 2252 (a)(2), 2252 (a)(3), 2252A (a)(1), 2252A (a)(2), 2252A (a)(3),

3    2252A (a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

4

5    The Defendant HAS NOT rebutted the presumption for the reasons stated on the record.

6

7    **5.**      The Court finds that there are no conditions or combination of conditions that will reasonably

8    assure the appearance of the Defendant as required, taking into account the available information

9    concerning:

10

11   ☒      (1) the nature and circumstances of the offense charged, including whether the offense is a

12   crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor

13   victim or a controlled substance, firearm, explosive, or destructive device;

14   ☐      (2) the weight of the evidence against the Defendant;

15   ☒      (3) the history and characteristics of the Defendant, including—

16         ☒      (A) the Defendant's character, physical and mental condition, family ties,

17   employment, financial resources, length of residence in the community, community ties, past

18   conduct, history relating to drug or alcohol abuse, criminal history, and record concerning

19   appearance at court proceedings; and

20         ☐      (B) whether, at the time of the current offense or arrest, the Defendant was on

21   probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence

22   for an offense under Federal, State, or local law; and

23   ☐      (4) the nature and seriousness of the danger to any person or the community that would be

24   posed by the Defendant's release.

25

26         The Court has considered all the evidence and arguments presented, and has also given due

27   consideration to the recommendation of Pre-Trial Services in this case, which is to revoke bond and

28   detain the defendant.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The Court incorporates by reference all the reasons and factors discussed at the hearing on

2    this matter.  In particular, the Court notes that the Defendant has been released on bond previously

3    with conditions including that he report for drug treatment at a halfway house, but the Defendant

4    absconded the first time he was to report to the halfway house.  After the Defendant was arrested,

5    he appeared again before this Court and was again released on the same conditions, and for a second

6    time the Defendant absconded instead of entering drug treatment at the halfway house.  The Court

7    notes that the Defendant has a long history of substance abuse and that the underlying indictment

8    charges the Defendant with possession with intent to distribute and distribution of fentanyl.  Both

9    times the Court previously released the Defendant on conditions that he undergo drug treatment and

10    report to the halfway house, the Defendant did not enter drug treatment at the halfway house but

11    instead fled the facility.  At least once, the Defendant appeared to be under the influence of drugs

12    when he appeared at the entrance to the halfway house, to the extent that the halfway house called

13    for an ambulance and Defendant apparently refused treatment.  Both the Government, the defense,

14    and Pre-Trial Services agree that as soon as a bed space is available at a residential treatment facility

15    in the East Bay (such as Newbridge), Defendant should be released from detention at Santa Rita to

16    that facility.

17    The defense proffered the Defendant's sister as a potential surety and custodian for the

18    Defendant, with the proposal that the Defendant reside with her for the several weeks required

19    before space could be found for the Defendant at a residential treatment facility.  The Defendant's

20    sister lives in San Francisco, works out of the home full time, and has never lived with the Defendant

21    as an adult previously.  The Defendant's sister reported that Defendant has had periods of sobriety

22    in the past, but relapsed each time, and had one attempt at a residential treatment facility in the past.

23    The Court finds that the Defendant's sister serving as surety and custodian would not be a

24    sufficient condition (even combined with other conditions such as location monitoring) to

25    reasonably assure the Defendant's appearance as required.  The severity of Defendant's apparent

26    addiction is such that, because Defendant would be unsupervised for long periods of time while

27    Defendant's sister is working, there would be insufficient assurances that Defendant would be

28    appropriately supervised if he were to reside at his sister's residence.  Defendant's sister resides in

United States District Court
Northern District of California

1   San Francisco, and defense counsel pointed out that Defendant's habitual place of purchasing

2   narcotics to feed his addiction is in San Francisco (which is why the Parties recommend a residential

3   treatment facility outside San Francisco). Notably, Defendant has continued both his illicit drug use

4   and has committed acts resulting in multiple criminal charges over the many years he has been in

5   touch with his sister, but her presence in his life has not dissuaded him from these activities.

6          Accordingly, based on the entire record, arguments, and evidence in this matter, the Court

7   finds that the Government HAS met its burden of showing that detention is required based on risk

8   of flight. To the extent the Government is relying only on RISK OF FLIGHT, the Court makes no

9   findings and expresses no views on the factors not being relied on, pursued, or argued.

10         Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs that the Defendant be committed to the

11  custody of the Attorney General for confinement in a corrections facility separate, to the extent

12  practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

13  directs that the Defendant be afforded a reasonable opportunity for private consultation with

14  counsel; and, on order of a court of the United States or on a request of an attorney for the

15  Government, the person in charge of the corrections facility in which the Defendant is confined

16  deliver the Defendant to a United States marshal for the purpose of an appearance in connection

17  with a court proceeding.

18         As noted at the hearing on this matter, the Government is agreeable to release the Defendant

19  to a residential treatment facility such as Newbridge should space become available. Accordingly,

20  Pre-Trial Services is ORDERED to work expeditiously with Newbridge (or other appropriate

21  residential treatment facility) to get Defendant interviewed and assessed as soon as possible (and no

22  later than February 20, 2024). If Newbridge (or other appropriate facility) accepts Defendant, the

23  Parties are ORDERED to submit a Stipulation and proposed Order to the Court to release Defendant

24  subject to the conditions that he undergo drug treatment at such facility and any other conditions

25  agreed to by the Parties (including all statutorily mandated conditions). At the hearing on this

26  matter, the Parties and Pre-Trial Services estimated that this transfer to Newbridge is estimated to

27  occur on or before February 20, 2024. A status hearing on these issues is set for February 20, 2024

28  at 10:30 am in Courtroom F.

1

## CONCLUSION

2        For the reasons stated on the record at the hearing and for the reasons as further stated herein,

3  the Defendant is remanded into the custody of the United States Marshal, without prejudice to the

4  Parties seeking release to a residential treatment facility (subject to other appropriate conditions) in

5  future as agreed at the hearing on this matter.

6

7        **IT IS SO ORDERED.**

8

9  Dated:  February 5, 2024

10

11  _____

12  PETER H. KANG
    United States Magistrate Judge

13

United States District Court
Northern District of California

8